NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2012
Decided May 10, 2012

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3041

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 99-CR-89-WMC-01 |
| MARCUS GOSS, *Defendant-Appellant*. | William M. Conley, *Chief Judge*. |

**O R D E R**

Marcus Goss was charged in 1999 with conspiracy to possess and distribute crack cocaine, and with substantive counts of possession and distribution. *See* 21 U.S.C. §§ 846, 841(a)(1). He absconded while on pretrial release and remained a fugitive until he was arrested in January 2011. The government filed an additional charge of failure to appear, 18 U.S.C. § 3146(a)(1), but Goss eventually agreed to plead guilty to an information charging him with two counts of using a telephone to facilitate a felony drug crime, 21 U.S.C. § 843(b). In exchange the government dismissed the 1999 indictment and the new § 3146 count. The district court calculated a guidelines imprisonment range of 87 to 96 months and

sentenced Goss to 48 months on the first count and 39 months on the second, to run consecutively, for a total of 87 months. Goss filed a notice of appeal, but his appointed lawyer has moved to withdraw on the ground that the possible claims she has identified are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Goss opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief and Goss' response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel properly refrains from evaluating potential claims concerning the plea colloquy or the voluntariness of Goss' guilty pleas because he has told her that he does not want to challenge those pleas. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). In his Rule 51(b) response, Goss has confirmed counsel's representation that he does not wish to have his guilty pleas set aside.

Counsel considers whether Goss could challenge his overall prison term but properly concludes that the possible arguments would be frivolous. Goss did not object to the calculation of his guidelines range, and counsel has not identified any errors now. Nor has counsel identified any basis to overcome the presumption that Goss' within-range sentence is reasonable. *See Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Aslan*, 644 F.3d 526, 531–32 (7th Cir. 2011). We agree with counsel that the district court gave thorough consideration to the factors in 18 U.S.C. § 3553(a) when deciding Goss' sentence. The court discussed as potential mitigating factors his childhood exposure to his father's drug use, his belief that he suffers from mental illness, and the strong support offered by his family despite his apparent 11-year absence from their lives. Although the court was moved by this support and felt that Goss has "tremendous potential," the court concluded that a guidelines sentence is nonetheless appropriate because of the length of time that Goss evaded capture and his refusal to disclose any details about his life while he was a fugitive.

In his Rule 51(b) response, Goss argues that all of the § 3553(a) factors point to 24 months, not 87, as the appropriate sentence. But the role of weighing sentencing factors belongs to the district court, not us. *See United States v. Angle*, 598 F.3d 352, 359 (7th Cir. 2010); *United States v. Carter*, 538 F.3d 784, 789–90 (7th Cir. 2008). Goss proposes several other challenges to his prison sentence, but they also are frivolous. He first argues that the statutory maximum for each of his convictions is 36 months, meaning that his total period of imprisonment could not exceed 72 months, but the statutory maximum for a violation of 21 U.S.C. § 843(b) is 48 months. 21 U.S.C. § 843(d)(1). Thus, his total sentence of 87 months is beneath the statutory maximum of 96 months. Goss also argues that he sold only 10.5 grams of crack and that the district court thus overstated the drug quantity in finding that his offense conduct involved at least 28 grams but less than 112 grams of crack. *See* U.S.S.G. § 2D1.1(c)(7). But in his plea agreement Goss joined the government in recommending that

the court find a drug quantity of between 50 and 150 grams of crack, and although he objected to some factual elements of the presentence report, he did not object to the probation officer's assessment that his relevant conduct totaled at least 28 grams.

Goss' final argument is that the district court should have imposed concurrent rather than consecutive sentences because, in his view, his two convictions are for attempt crimes. Yet both convictions arise from discrete criminal acts: two phone calls to coordinate drug deals. These were not attempts. Once the district court decided on 87 months as the appropriate penalty, consecutive sentences were necessary to reach that total punishment because the statutory maximum for a violation of § 843(b) is 48 months. *See* U.S.S.G. § 5G1.2(d); *United States v. Littrice*, 666 F.3d 1053, 1059–60 (7th Cir. 2012); *United States v. Spano*, 476 F.3d 476, 478 (7th Cir. 2007).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.